**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| San Souci Apartments, an Arizona Limited Liability Partnership,<br><br>Plaintiff,<br><br>v.<br><br>National Surety Corporation, an Illinois Corporation,<br><br>Defendant. | No. CV-12-2389-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff San Souci Apartments' Motion to Compel Appraisal. (Doc. 6.) For the reasons stated below, Plaintiff's motion is denied.

**FACTUAL BACKGROUND**

Plaintiff San Souci Apartments owns a complex located at 1829 E. Morten Ave., Phoenix, Arizona (the "Property"), that is insured by Defendant National Surety. (Doc. 1, Ex. A, Compl. at 2; Doc. 17 at 1.) On October 5, 2010, a severe hail storm damaged Plaintiff's Property. (Doc. 17 at 1.) On March 3, 2011, Plaintiff submitted a claim to Defendant for the resulting property damage. (*Id.*) After determining that damage resulting from the hail storm was covered under the policy, Defendant's claims representative met with Plaintiff's public adjuster to conduct a joint inspection of the Property on March 29, 2011. (*Id.* at 2.) Plaintiff submitted a $559,542.73 repair estimate including damage to the light gauge metal carport roofing, exterior stucco and tile roofing of the Property. (*Id.*) Defendant conducted its own evaluation of the property damage which amounted to $195,236.25 and issued a payment to Plaintiff on October 19, 2011.

(*Id.*) That amount did not include damage to the tile roofing because Defendant concluded that the damage to the tile roofing was not a result of the hail storm and was not covered and thus denied coverage for that portion of the claim. (*Id.*)

On December 19, 2011, Plaintiff's public adjuster communicated his disagreement with Defendant's coverage determination and on February 27, 2012, he requested appraisal of the claim under the policy's appraisal provision. (*Id.*, Ex. A, B.) The provision states that if the parties "disagree on the amount of loss, either may make written demand for appraisal of the loss." (*Id.* at 3.) Defendant denied that request on March 3, 2012, contending that the appraisal provision did not apply because the dispute was regarding claim coverage for the tile roofing and not the amount of the loss. (*Id.*, Ex. C.)

Plaintiff subsequently filed this Complaint in Maricopa Superior Court on October 4, 2012. Along with the Complaint, Plaintiff filed a Motion to Compel Appraisal, pursuant to Arizona Statute A.R.S. § 12-1502. Defendant removed the matter to this Court on November 7, 2012. Plaintiff now seeks to compel appraisal for its claim pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, and according to the process outlined in Plaintiff's insurance policy.

**DISCUSSION**

**I.   LEGAL STANDARD**

Arizona courts have held that "appraisal is analogous to arbitration" and the "principles of arbitration law" should be applied to proceedings involving appraisals. *Meineke v. Twin City Fire Insurance Co.*, 181 Ariz. 576, 892 P.2d 1365, 1369 (Ariz. Ct. App. 1995). The FAA applies to appraisal provisions in insurance policies. *Ori v. Am. Family Mut. Ins. Co.*, CV-2005-697-PHX-ROS, 2005 WL 3079044, *2 (D. Ariz. Nov. 15, 2005). There is a "strong default presumption . . . that the FAA, not state law, supplies the rules for arbitration." *Sovak v. Chugai Pharmaceutical Co.*, 280 F.3d 1266, 1269 (9th Cir. 2002). Under the FAA, arbitration agreements are "valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any

contract." 9 U.S.C. § 2. The parties must submit a claim for appraisal on issues within the scope of the appraisal provision. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4).

## II.    CLAIM APPRAISAL

The appraisal provision states, in pertinent part, "if we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss." (*Id.* at 3.) The provision describes an impartial process involving two appraisers and an umpire to settle differences in the valuations of the property damage. (*Id.*) Arizona Courts have determined that an appraisal clause only allows the parties to determine the amount of damage through an appraisal and not to resolve questions of coverage through such a proceeding. *Hanson v. Commercial Union Ins. Co.*, 150 Ariz. 283, 723 P.2d 101, 104 (Ct. App. 1986).

Defendant and Plaintiff both agree that Plaintiff sustained damage to its property because of the hail storm and that such hail damage is covered by Plaintiff's policy issued by Defendant. (Doc. 18 at 2.) Defendant, however, asserts that while the hail storm caused the damage to the light gauge metal carport roofing and the exterior stucco, it did not cause the damage to the tile roofing, which damage Defendant apparently attributes to another, but unspecified, uncovered source.  Plaintiff's public adjuster submitted a $559,542.73 repair estimate for the property damage, which included the replacement of the tile roofing while Defendant's assessment amounted to $195,236.25, denying coverage for damage to the tile roofing. (Doc. 17 at 2.) It is, both parties apparently agree, the difference in the repair costs of the tile roofing that results in the different estimates for damage, which result completely from the difference between including the cost of the tile roof in the repair estimate and excluding it.[1] (*Id.* at 4-5.)

---

[1] By representing that the appraisal clause is inapplicable, the Court interprets Defendant to represent that it agrees with Plaintiff's estimates concerning the cost to repair the separate elements that make up the totality of Plaintiff's damage claim – e.g. Plaintiff's estimate concerning damage to the light gauge metal roofing, exterior stucco, and tile roofing should coverage be found for such tile roofing. If it disagrees with Plaintiff's estimates, Defendant must submit the claim for appraisal. *See 6700 Arrowhead*

Unlike recent cases in this District that held in favor of appraisal, the issue here is whether a significant portion of Plaintiff's claim is covered under the policy. In *Ori v. Am. Family Mut. Ins. Co.*, CV-2005-697-PHX-ROS, 2005 WL 3079044 (D. Ariz. Nov. 15, 2005), the parties' valuations of the insurance claim differed because they disagreed as to what types of repairs were necessary to remove a smoke odor after a fire and restore the property to its original state. *Id.* at *4. In *Carbonneau v. American Family Mutual Ins. Co.*, No. 06–1853–PHX–DGC, 2006 WL 3257724, *1-2 (D. Ariz. Nov. 9, 2006), the parties disputed whether it was necessary to replace the entire roof to repair the damage. Both courts compelled appraisal because the disputes related to the adequacy of repairs, not the scope of coverage. *Id.* at *2 ("Were such doubts not resolved in favor of appraisal, insurance companies could avoid appraisal obligations merely by claiming that the dispute concerned coverage.").

The issue of whether the roof tiles were damaged by the hail storm and whether the source of the damage is outside of the policy limits is not a dispute about the amount of loss that all parties agree to be covered. It is, therefore, not within the scope of the appraisal provision. Accordingly, Plaintiff's motion to compel appraisal is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Appraisal (Doc. 6) is **denied.**

**Dated this 4th day of February, 2013.**

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge

---

*Owners Ass'n v. State Farm Fire & Cas. Co.*, CV-12-1677-PHX-DGC, 2012 WL 5868969, *3 (D. Ariz. Nov. 19, 2012) (submitting all of the plaintiff's claims for appraisal but requiring the appraiser to itemize the damages report so that the defendant could challenge liability for categories that it believed were outside the scope of coverage).